United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60416
Summary Calendar

ESTRELLITA CRUZ NOVERO SAYNO,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A35 590 802
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Estrellita Cruz Novero Sayno "Sayno" seeks review of the
Board of Immigration Appeals's ("BIA") denial of her motion to
reopen immigration proceedings.  Sayno argues that her motion to
reopen was timely filed because changes in the law liberalizing
access to discretionary relief effectively tolled the limitation
period.

This court applies a highly deferential abuse of discretion
standard when reviewing the BIA's denial of a motion to reopen.
Lara v. Trominski, 216 F.3d 487, 496 (5th Cir. 2000).  Sayno does

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not challenge the BIA's ruling that she had until September 30, 1996, to file her motion to reopen the immigration proceedings that resulted in an order of deportation that was issued in 1982. Because Sayno's motion to reopen was not received until August 9, 2004, almost eight years after the deadline for filing the motion, the BIA correctly concluded that the motion to reopen was filed out of time. See 8 C.F.R. § 1003.2(c)(2).

Sayno argues that the motion to reopen was timely filed based upon the reasoning of In re X-G-W-, 22 I. & N. Dec. 71, 1998 WL 378104 (BIA 1998), opinion superseded by In re G-C-L, 23 I. & N. Dec. 359, 2002 WL 1001051 (BIA 2002). These decisions do not indicate that the time limitations set forth in 8 C.F.R. § 1003.2(c)(2) are inapplicable to Sayno's motion to reopen. Rather, In re X-G-W- and In re G-C-L involve the BIA's policy, now suspended, of granting untimely motions to reopen by applicants claiming eligibility for asylum based on coercion control policies. See In re G-C-L, 23 I. & N. Dec. at 359.

Her remaining arguments are irrelevant to the timeliness issue. Sayno argues that she is eligible to reopen removal proceedings because she is the beneficiary of an approved immigrant visa petition filed on her behalf by her spouse, a United States citizen. However, the authorities cited by Sayno do not address the timeliness considerations under 8 C.F.R. § 1003.2(c)(2) and are not relevant to the BIA's rationale for denying the motion to reopen. Additionally, while Sayno argues

that the BIA may reopen her case, she fails to explain why the BIA's discretionary authority to reopen her case indicates that the BIA abused its discretion in denying her motion as untimely. Sayno's argument that her case should have been reopened is premised, in part, on a hardship argument. However, Sayno's hardship argument addresses the merits of her request for relief and does not relate to the BIA's timeliness decision.

Sayno's arguments do not indicate that the BIA's decision was an abuse of discretion. Therefore, the petition for review is DENIED. Her renewed request in her brief for a stay of deportation pending this appeal is also DENIED.